UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Division: |
|---|---|
| Name of Petitioner: **PABLO DIAZ** | Docket or Case No.: |
| Place of Confinement: **Blackwater River C.F.** **5914 Jeff Ates Rd.** **Milton, Fl. 32583** | Prisoner No.: **M16659** |
| Petitioner (include the name under which you were convicted): person having custody of petitioner): **PABLO DIAZ** | Respondent(authorized v. MICHAEL CREWS, SEC. FLORIDA DOC |
| The Attorney General of the State of **FLORIDA** | |

PETITION

1. (a) Name and location of court that entered judgment of conviction you are challenging:

    11th Judicial Circuit Court, Miami-Dade County

    (b) Criminal docket or case number (If known): F03-16995

2. (a) Date of the judgment of conviction (If known): May 11, 2007

    (b) Date of Sentencing: June 18, 2007

3. Length of sentence: 15 years; Life

4. In this case, were you convicted on more than one count or of more than one crime?

    Yes ✓    No _____

5. Identify all crimes of which you were convicted of and sentenced to in this case:

    Aggravated Battery with a Deadly Weapon; and, Kidnapping During the Commission of a Felony.

6. (a) What was your plea? (Check one)

    (1) Not Guilty ✓    (3) Nolo contendere (no contest) _____

    (2) Guilty _____    (4) Insanity plea _____

1

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

(a) Jury ✓   (b) Judge Only ____

7. Did you testify at a pretrial hearing, trial or a post-trial hearing?   Yes ____   No ✓

8. Did you appeal from the judgment of conviction?   Yes ✓   No ____

9. If you did appeal, answer the following:

(a) Name of court: Third District Court of Appeal

(b) Docket or case number (If known): 3D07-1774

(c) Result: Per Curiam Affirmed

(d) Date of result (If known): Rehearing Denied April 21, 2010

(e) Citation to the case (If known): *Diaz v. State*, 36 So.3d 676 (Fla. 3rd DCA 2010)

(f) Grounds raised: I. The trial court erroneously denied Defendant's Motion for Mistrial based on *Williams* Rule evidence; II. The trial court erroneously overruled Defendant's objections to Detective Morin's pseudo-psychological evaluation of Ms. Ruiz; and, III. In being precluded from calling victim, Defendant was denied his fundamental right to call witness on his behalf.

(g) Did you seek further review by a higher State court?   Yes ____   No ✓

(h) Did you file a petition for certiorari in the United State Supreme Court?

Yes ____   No ✓

10. Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in State court?

Yes ✓   No ____

11. If your answer to question 10 was "Yes", give the following information:

(a) (1) Name of court: 11th Judicial Circuit Court, Miami-Dade County

2

(2) Docket or case number (If known): F03-16995

(3) Date of filing (If known): October 10, 2010

(4) Nature of the proceeding: Motion to Correct Illegal Sentence

(5) Grounds raised: Defendant's Prison Release Re-offender sentence is illegal because the jury did not make a factual determination of his release from prison contrary to *Apprendi v. New Jersey* and *Blakely v. Washington.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   Yes _____   No ✓

(7) Result: Denied

(8) Date of result (If known): Rehearing denied November 30, 2010

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Third District Court of Appeal

(2) Docket or case number (If known): 3D11-2607

(3) Date of filing (If known): October 11, 2011

(4) Nature of the proceeding: Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel

(5) Grounds raised: Appellate Counsel Could Have And Should Have Raised On Direct Appeal The Issue That It Was Fundamentally Improper To Convict Petitioner Of The Lesser Included Offense Of Aggravated Battery Where The Information Charging Attempted Felony Murder Did Not Allege The Essential Elements To Sustain A Conviction For The Aggravated Battery

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   Yes _____   No ✓

(7) Result: Denied

(8) Date of result (If known): Rehearing denied January 10, 2012

(c) If you filed any third petition, application, or motion, give the same information:

3

(1) Name of court: 11th Judicial Circuit Court, Miami-Dade County

(2) Docket or case number (If known): F03-16995

(3) Date of filing (If known): January 19, 2012

(4) Nature of the proceeding: Petition for Postconviction Relief

(5) Grounds raised: **Ground 1:** Counsel Failed to Thoroughly Discuss the State's Plea Offer of Eighteen Years Incarceration, to Present Defendant Diaz with a Proper Evaluation of the Evidence and to Discuss the Consequences of Trial; **Ground 2:** Counsel Failed to Ensure the Attendance of Two Material Witnesses and, Without Adequately Consulting with the Defendant, Stipulated to the Introduction of Police Reports in Lieu of Testimony; **Ground 3:** Counsel Failed to Object to Allowing Katherine Ruiz Testify While Obviously Impaired and to Raise the Issue with Ms. Ruiz During Cross Examination; **Ground 4:** Without Justification or Consultation with Defendant Diaz, Counsel Withdrew a Previously Filed Motion *in Limine* Precluding the Introduction of Threatening Telephone Messages Left by the Defendant Hours After Commission of the Alleged crime; **Ground 5:** Counsel Failed to File Necessary Pretrial Motions Excluding Reference to 'Domestic Violence', and Failed to Properly Object During Testimony Implicitly Establishing the Case as One Involving Abuse and/or Domestic Violence; **Ground 6:** Counsel Failed to Observe and Discuss with the Defendant the Contents of an Enhanced Video Depicting the Alleged Crime, Failed to Review the Redacted '48 Hours' Television Show Depicting Ballistics Analysis, and Proceeded to Trial When Generally Unprepared; **Ground 7:** Counsel Failed to Object to the State's Introduction of an Unsworn Document to Establish Defendant's Eligibility for Status as PRR; **Ground 8:** Counsel Failed to Object to Instances of Prosecutorial Misconduct, Including: Knowingly Evoking Misleading and/or Incorrect Testimony, Presenting the Testimony of an Obviously Impaired Witness, Eliciting Testimony Regarding Uncharged Crimes and Presenting a Closing Argument Inappropriately Designed to Inflame the Jury.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
Yes _____  No ___✓___

(7) Result: Denied

(8) Date of result (If known): January 14, 2013

(d) Did you appeal to the highest State court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    Yes ___✓___    No _____
    (2) Second petition:    Yes _____    No ___✓___

    (3) Third petition:    Yes ✓    No _____

(e) If you did not appeal to the highest State court having jurisdiction, explain why you did not:

<u>Petitioner did not appeal the denial of his state habeas corpus because it is only appealable through discretionary review and no opinion was issued.</u>

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or Treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** COUNSEL FAILED TO THOROUGHLY DISCUSS THE STATE'S PLEA OFFER OF 18 YEARS INCARCERATION, TO PRESENT DEFENDANT WITH A PROPER EVALUATION OF THE EVIDENCE AND DISCUSS THE CONSEQUENCES OF TRIAL THEREBY RENDERING CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

On January 8, 2004, an *Arthur* hearing was held to determine if bond would be set in Petitioner Diaz's case. At this hearing, the State made its case on the evidence it had and the defense made their rebuttal. At the hearing, a security video of the condominium where the alleged armed kidnapping took place was played for the judge. The following was proffered by the Honorable Andrew Hague at the end of the hearing:

    The tape was interesting, because it reveals it was different than what I expected to see.....

    But what I expected to see **and did not see** was the defendant at some point pulling a gun and seeing the people at the desk cringing back and him waiving it and seeing a reaction from them and maybe seeing a blurred vision of something that may appear to be a gun. But at least, if you don't see the gun itself, you see the reaction of the people to or the expected reaction of the people on the other side of the desk to what is a gun....

    At some point, when I heard the testimony, it sounded like, although she wasn't close to the person behind the desk, she was sort of like being held prisoner by the defendant and she was mouthing the words, call 911, because she wasn't close enough to actually tell him that.

    But, in the video, he's out of the picture, and she's like hanging out at the desk with the guy behind the desk where she can say, Look, I'm being held prisoner, can you call 911?

    You look at the video, she's actually turned with her back to the defendant, face-to-face with the guy at the desk, and they look like they're carrying on a conversation. And then you see her put her hair up.

    **It's inconsistent with what I saw or what I heard the testimony to be,** as far as her inability to communicate with the person behind the desk initially.

    You see the people, **the person behind the desk looks very casual**, and

he's, you know, sort of papers or something. I don't know what they were they were attempting to do, but they're **there, did not appear to be any sort of problem** or -- and it's not clear why the security guard was called down, because **it looks like a relaxed atmosphere**, at least that's the way it appeared on the videotape.

**When you see the valet and security guard come down, they're [sic] still doesn't seem to be any sort of confrontation-type thing.** And before that, I see something in the defendant's hands. And at one point I'm thinking that's a gun, but there isn't any reaction. Then you use him put it down on the counter, and he leaves it, and you use the person behind the desk, he's leaning over it. And, if it was a gun, he would have picked it up. **So, obviously, that's not a gun**....

It very clear that the victim is being taken against her will as she is being dragged up the steps. You get a very clear image of her being dragged up the steps.

**Unfortunately, you do not see the -- or a gun in the defendant's hands as she is being dragged up the steps.** At one point you you [sic] see the defendant's left hand on the banister of the stairwell and his right hand on her -- either her legs or, outstretched sort of in a V, trying to keep herself from being pulled up the steps. So clearly, she's not going voluntarily.

(Arthur Hearing Transcripts, Volume I, pp. 76-80)

Petitioner Diaz knew he was being charged with the 'inflict bodily harm or terrorize' subsection of kidnapping. *See*, Florida Statues § 787.01(1)(a)3. Petitioner also knew he had not – contrary to the allegations – inflicted bodily harm on the victim, Katherine Ruiz. Therefore, if there was no *visual* evidence of him brandishing a weapon, then the State would not be able to prove the kidnapping regardless of how many witnesses were coming forward from the condominium saying that they saw the Petitioner with the gun. The proverbial proof is in the pudding – the video. Petitioner *was* aware that there were witnesses who gave statements saying they saw him with a gun, but the contrary video evidence had much more weight to him.

However, on the day of trial, May 7, 2007, before any motions were heard or the jury present, the court began a discussion with the Petitioner regarding his rejection of the State's 18 year offer followed by 5 years reporting probation. (Trial Transcripts (T.T.), pp. 3-7) Therein, the Court and defense counsel, Michael Blacker, attempted to convince Diaz that there were too many witnesses which saw him with a gun, that he is facing a life sentence, that the Court will have no discretion on a life sentence, that he is a habitual offender and prison release re-offender. Mr. Blacker even concluded the colloquy with the following: *I just in talking to the lawyers, here, they are astonished, Mr. Diaz, astonished, Pablo, that we could go to trial on all of it, but more particularly the possession count ... I just want you to know that I am upset for you because I feel badly about what I foresee as a possible outcome.* Id. Following this, the Court placed the Petitioner under oath where he asserted his desire to proceed to trial. Id.

Petitioner avers that his desire to proceed to trial was based on the fact that the security video did not show him brandishing and pointing a weapon at anyone during the alleged kidnapping. But then, three years later, trial commenced; and an otherwise unknown (to the defense) video emerged. The video was compiled by the State containing audio of the 911 calls, enhanced portions of the condominium surveillance video, and redacted portions of a 48 Hour

episode where the reporters followed ballistic investigators in the instant case. (T.T. p. 21, lns. 6-13)

The subject of the video came up during a defense motion *in limine*, wherein Mr. Blacker asked the court to reserve ruling on the motion after he and the Defendant view the video. (T.T. p. 19, lns. 22-25) The following then ensued:

> THE COURT: Wait. You have seen the video, right?
> MR. BLACKER: No.
> [THE STATE]: You have never seen the show?
> MR. BLACKER: Never, ever.
> THE DEFENDANT: I have never seen it either.
> MR. BLACKER: I have never seen it. Let me tell you something. If I lie to the Court I want you to hold me in contempt.
> THE COURT: I am not playing games. Are you ready to go to trial?
> MR. BLACKER: That is not the point.
> THE COURT: Well, that is the point. You are standing here and there is some sort of video and you say that you haven't seen the video.
> MR. BLACKER: I have never seen the video and I was just given the video and the redacted copy this morning....

(T.T. p. 20, lns. 1-16)

> THE COURT: Let me ask you, you haven't seen this video that has all of this stuff on it, Michael?
> MR. BLACKER: I have never seen it in my life.

(T.T. p. 21, lns. 14-16)

The essence of the enhanced surveillance video is a depiction, in a few frames, of Diaz holding a weapon. However, the focus at the moment of the viewing of the video was the astonishment of the court that on the first day of trial Mr. Blacker had not seen the video. Nevertheless, Mr. Blacker was more interested in trying to preserve professional integrity, instead of offering competent, constitutionally representation by revisiting the issue of the State's plea offer in light of the new – or not so new – evidence.

Petitioner Diaz submits that defense counsel Michael Blacker was constitutionally *ineffective* in not revisiting the suggestion of taking the State's plea offer when there was now corroborating video evidence of the crime as alleged by the State. Petitioner further proffers that had Counsel revisited the issue of the plea offer and explained the legal significance of corroborating video evidence, he would have chosen to accept the plea instead of proceeding to trial and his current sentence would be significantly less. Moreover, as stated above, as both the State and the court were trying to convince the Petitioner to accept the plea, there is a reasonable probability that had Counsel informed the court of Diaz's desire to change his plea, both the court and the State would not have objected.

Trial counsel's ineffective assistance and the state court's failure to grant relief on this ground violates Petitioner's federal constitutional rights and is contrary to or an unreasonable

application of federal law as defined by the United State Supreme Court. Habeas relief is warranted.

  (b) If you did not exhaust your State remedies on Ground One, explain why: <u>N/A</u>.

  (c) Direct appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes _____   No ✓

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Claims of ineffective assistance of counsel are properly brought in a motion for postconviction relief</u>.

  (d) Post-Conviction proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for Habeas Corpus in a State trial court?

      Yes ✓   No _____

    (2) If your answer to question (d)(1) is "Yes", state:

      Type of motion or petition: <u>Petition for Postconviction Relief</u>.

      Name and location of the court where the motion or petition was filed: <u>11th Judicial Circuit Court, Miami-Dade County</u>.

      Docket or case number (If known): <u>F03-16995</u>.

      Date of the court's decision: <u>January 14, 2013</u>.

      Result (Attach a copy of the court's opinion or order, if available): <u>Denied after rehearing (See, Appendix A and B)</u>.

    (3) Did you receive a hearing on your motion or petition?   Yes _____   No ✓

    (4) Did you appeal from the denial of your motion or petition?   Yes ✓   No _____

    (5) If your answer to question (d)(4) is "Yes", did you raise this issue in the appeal?

      Yes ✓   No _____

    (6) If your answer to question (d)(5) is "Yes", state:

      Name and location of the court where the appeal was filed: <u>Third District Court of Appeal</u>.

      Docket or case number (If known): <u>3D13-654</u>

      Date of the court's decision: <u>Mandate issued August 4, 2014</u>

      Result (Attach a copy of the court's opinion or order, if available): <u>PCA</u>

**GROUND TWO:** COUNSEL FAILED TO OBSERVE AND DISCUSS WITH THE DEFENDANT THE CONTENTS OF AN ENHANCED VIDEO DEPICTING THE ALLEGED CRIME THEREBY RENDERING CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL                                                                  .

   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

   Petitioner Diaz avers that trial counsel, Michael Blacker, was constitutionally ineffective for failing to observe the contents of an enhanced video depicting the alleged crime and then discussing with the Petitioner the legal significance of the video.

   On the day of trial, May 7th, 2007, an otherwise unknown (to the defense) video emerged. The video was compiled by the State containing audio of the 911 calls, enhanced portions of the condominium surveillance video, and redacted portions of a 48 Hour episode where the reporters followed ballistic investigators in the instant case. (T.T. p. 21, lns. 6-13)

   The subject of the video came up during a defense motion *in limine*, wherein Mr. Blacker asked the court to reserve ruling on the motion after he and the Defendant view the video. (T.T. p. 19, lns. 22-25) The court was aghast that Counsel had not seen the enhanced video and that on the first day of trial. (T.T. pp. 20-21; see also, *ante*, Ground One)

   Petitioner asserts that based on the obvious evidentiary value of this video, Mr. Blacker should have sought a continuance to reevaluate the defense's case. At a minimum, constitutionally effective counsel would have explained the evidentiary and legal ramifications of the video in relation to his previous understanding that there was now corroborating video evidence of the State's allegations. *Ante,* Ground One. When the court asked Petitioner Diaz if he was ready to go to trial after finding out about the video, his only statement was: *If my lawyer is ready I am ready*. (T.T. p. 35 ln. 6)

   As stated above in Ground One, Petitioner was under the impression that there was no corroborating video evidence of the alleged crime. Petitioner was inflexible in his conviction to proceed to trial based on this belief, even after adamant counsel against it. Conversely, if Counsel had discussed the legal ramifications of the video to the Petitioner, Diaz avers he would have accepted the State's 18 year plea offer followed by 5 years reporting probation. Also, as stated above, both the State and the court were trying to convince the Petitioner to accept the plea, there is therefore a reasonable probability that *had* Counsel informed the court of Diaz's desire to change his plea, both the court and the State would not have objected.

   Trial counsel's ineffective assistance and the state court's failure to grant relief on this ground violates Petitioner's federal constitutional rights and is contrary to or an unreasonable application of federal law as defined by the United State Supreme Court. Habeas relief is warranted.

   (b) If you did not exhaust your State remedies on Ground One, explain why: N/A              .

   (c) Direct appeal of Ground One:

      (1) If you appealed from the judgment of conviction, did you raise this issue?

         Yes _____          No   ✓

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Claims of ineffective assistance of counsel are properly brought in a motion for postconviction relief</u>.

(d) Post-Conviction proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for Habeas Corpus in a State trial court?   Yes ✓   No ____

(2) If your answer to question (d)(1) is "Yes", state:

Type of motion or petition: <u>Petition for Postconviction Relief</u>.

Name and location of the court where the motion or petition was filed: <u>11th Judicial Circuit Court, Miami-Dade County</u>.

Docket or case number (If known): <u>F03-16995</u>.

Date of the court's decision: <u>January 14, 2013</u>.

Result (Attach a copy of the court's opinion or order, if available): <u>Denied after Rehearing (See, Appendix A and B)</u>.

(3) Did you receive a hearing on your motion or petition?   Yes ____   No ✓

(4) Did you appeal from the denial of your motion or petition?   Yes ✓   No ____

(5) If your answer to question (d)(4) is "Yes", did you raise this issue in the appeal?
Yes ✓   No ____

(6) If your answer to question (d)(5) is "Yes", state:

Name and location of the court where the appeal was filed: <u>Third District Court of Appeal</u>.

Docket or case number (If known): <u>3D13-654</u>.

Date of the court's decision: <u>Mandate issued August 4, 2014</u>.

Result (Attach a copy of the court's opinion or order, if available <u>PCA</u>

**GROUND THREE:** COUNSEL FAILED TO OBJECT TO THE USE OF AGGRAVATED BATTERY AS A LESSER INCLUDED OFFENSE AS THE INFORMATION FAILED TO ALLEGE THE REQUISITE ELEMENTS FOR A CONVICTION OF AGGRAVATED BATTERY THEREBY RENDERING CONSTITUTIONALLY INEFFECTIVE ASSISTANCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

The record demonstrates that the State charged Petitioner with (Count 1) Attempted Felony Murder. The body of the charging document alleged: *PABLO MANUEL DIAZ...did*

*unlawfully and feloniously perpetrate or attempt to perpetrate a felony, to wit: kidnapping and did commit, aid, or abet an intentional act that was not an essential element of the felony and that could have, but did not, cause the death of another, to wit KATHERINE JO RUIZ, by SHOOTING AT MS. RUIZ, and during the commission of the offense, said defendant possessed a firearm or destructive device...*(Appendix B) At trial, however, Mr. Diaz was found not guilty of Attempted Felony Murder, but guilty of Aggravated battery. Petitioner Diaz avers this was error and trial counsel's failure to object to the use of aggravated battery prejudiced the Petitioner as there is a reasonable probability that the result of the proceeding would have been different.

Petitioner Diaz proffers that had Counsel objected to the use of aggravated battery as a lesser included offense the State would have been prevented from the use of aggravated battery as a lesser included. A simple battery occurs when the defendant actually and intentionally touches or strikes another person against the will of the other. § 784.03(1)(a)(1), Fla. Stat. The battery becomes an aggravated battery when the defendant uses a deadly weapon. § 784.045(1)(a)(2), Fla. Stat. In order for the State to be allowed to present a lesser included offense to the jury, the elements of the lesser offense must be subsumed in the greater offense. In the instant case, Diaz's information does not allege that he intentionally struck or touched Ms. Ruiz against her will. Therefore, the lesser offense should not have been permitted. Furthermore, because it *is* a lesser included offense, Florida law prohibited the Petitioner from raising the issue on direct appeal without it being properly preserved by a contemporaneous objection. Petitioner Diaz was prevented from raising the issue on appeal.

Trial counsel, Michael Blacker, was constitutionally ineffective for failing to object to the uncharged and improper lesser included offense of Aggravated Battery. This prejudiced the Petitioner in that had Counsel objected to the improper lesser included offense, the State would have been precluded from presenting the lesser included to the jury. As the jury found the Petitioner did not commit the charge of Attempted Felony Murder, he would have been acquitted on the charge completely. If the trial court would have overruled the objection contrary to Florida law, Petitioner would have then been able to raise the issue on direct appeal an gotten relief. Trial counsel's ineffective assistance violated Petitioner Diaz's U.S. Constitutional rights under the Sixth Amendment.

(b) If you did not exhaust your State remedies on Ground Three, explain why: <u>Petitioner was represented by private counsel during initial review collateral proceedings and, as such, Counsel was ineffective for failing to raise this substantial claim. Petitioner submits, as an equitable matter, that this Court has jurisdiction to hear this claim pursuant to Martinez v. Ryan, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (See, Memorandum of Law to §2254 Petition for Writ of Habeas Corpus</u>.

(c) Direct appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes _____    No __✓__

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Claims of ineffective assistance of counsel are properly brought in a motion for postconviction relief</u>.

(d) Post-Conviction proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for Habeas Corpus in a State trial court?

Yes _____      No __✓__

**GROUND FOUR:** COUNSEL FAILED TO FILE A *SUFFICIENT* MOTION FOR A NEW TRIAL ON THE VERDICT FOR THE LESSER INCLUDED OFFENSE OF AGGRAVATED BATTERY THEREBY RENDERING INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

The record demonstrates that the State charged Petitioner with (Count 1) Attempted Felony Murder. At trial, however, Mr. Diaz was found not guilty of Attempted Felony Murder, but guilty of Aggravated battery. Petitioner Diaz avers this verdict was contrary to the weight of the evidence and the issue ripe for a motion for new trial. On or about May 22, 2007, trial counsel filed a 'Motion for Judgment of Acquittal Notwithstanding the Verdict, New Trial and Arrest of Judgment." (Direct Record on Appeal [DROA], pp. 242-251) However, Petitioner avers that a 'weight of the evidence' argument on the aggravated battery was insufficiently plead in the motion for new trial. Counsel was ineffective.

In the instant case, the verdict of the jury specifically found that Mr. Diaz did not attempt to murder the victim by shooting at her, but that he unlawfully touched her in an aggravated manner, via the use of a firearm. Multiple witnesses testified only one shot was fired into the air, not at Ms. Ruiz; even assuming another was fired, it was a shot, according to the victim, from inside the car from two feet away, which missed her, grazing her lower right back area. *Not one witness*, other than Ms. Ruiz, *placed the Petitioner in the car at the shooting*. Further assuming Diaz *was* inside the car, the place where a hole was found in the seat reveals that it could not have grazed Ruiz where she said it did. The hole was in the front right (when looking back at the seat from the front) section of the bottom part of the back seat. And her alleged scar, which she could not demonstrate at trial, was on her lower right side (placing it on the left side of the car seat when looking back), opposite of where the hole was.

Ms. Ruiz lied to a police officer on the night of the incident about almost all of the details of which she spoke. She lied under oath to the lead detective during her initial interview about most of the details concerning this case. At her two depositions she continued to lie about essential elements of each crime charged, the most heinous being that Ms. Ruiz claimed that Pablo Diaz fired two (2) bullets at her from point blank range and missed. At the depositions her testimony was mutually exclusive in direct contradiction to each other. At trial she admitted, after being impeached on the essential, substantial evidence to numerous diametrically opposed sworn answers to the same questions concerning substantial matters in this cause.

The weight of the evidence in the instant case is contrary to the verdict, and Counsel's failure to submit a sufficient argument to the weight of the evidence on the aggravated battery prejudiced the Petitioner in that there is a reasonable probability that the motion would have been granted, or at the very least, preserved for appellate review where a new trial on this issue would have been granted. Trial counsel's ineffective assistance violated Petitioner Diaz's U.S.

Constitutional rights under the Sixth Amendment.

(b) If you did not exhaust your State remedies on Ground Four, explain why: <u>Petitioner was represented by private counsel during initial review collateral proceedings and, as such, Counsel was ineffective for failing to raise this substantial claim. Petitioner submits, as an equitable matter, that this Court has jurisdiction to hear this claim pursuant to Martinez v. Ryan, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (See, Memorandum of Law to §2254 Petition for Writ of Habeas Corpus</u>.

(c) Direct appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes _____     No ___✓___

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Claims of ineffective assistance of counsel are properly brought in a motion for postconviction relief</u>.

(d) Post-Conviction proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for Habeas Corpus in a State trial court?

Yes _____     No ___✓___

**GROUND FIVE:** COUNSEL FAILED TO PRESENT A DEFENSE TO THE CHARGE OF KIDNAPPING EFFECTIVELY INTERFERING WITH PETITIONER'S RIGHT TO TESTIFY THEREBY RENDERING CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner Diaz proceeded to trial on the charges of Attempted Felony Murder, Kidnapping, and Aggravated Battery on a separate victim. Petitioner was acquitted on the Aggravated Battery, found guilty of a lesser included on the Attempted Felony Murder, and found guilty of the Kidnapping. Trial counsel presented a defense to the charges of attempted felony murder and aggravated battery on the separate victim, but completely failed to subject the prosecution's case on the kidnapping charge to 'meaningful adversarial testing'.

In regards to the Attempted Felony Murder, the victim, Katherine Ruiz, alleged that Diaz fired a weapon and the bullet grazed her back. The evidence revealed that the alleged bullet hole was in the front bottom section of the back seat of the car she was in at the time. Ms. Ruiz alleged that the Petitioner was in the front seat at the time he fired the weapon and attempted to kill her at point blank range, but missed. The evidence was obviously contrary to Ms. Ruiz's testimony and was thus easy to defend against. (Trial Transcripts (T.T.), p. 375-377)

In regards to the aggravated battery of Dennis Flores, the alleged victim had provided statements where he declared that he was not in fear when a weapon was brandished. Once again, this was a charge that was easily defended against.

Petitioner asserts that Counsel was aware that Katherine Ruiz was under the influence of

drugs and alcohol: marijuana (T.T., p. 269), cocaine (T.T., p. 296), Xanax (T.T., p. 333-334), and alcohol (T.T., p. 269, 333-334). Moreover, trial counsel was aware that Ms. Ruiz was a frequent user of cocaine, specifically crack cocaine. (T.T. p. 326, 340-44)

      Petitioner had informed Counsel of what had transpired on that night. When the Petitioner and Ms. Ruiz arrived home after a three day party with Atalia Bello and Armando Bello (no relation), Diaz retreated to the bedroom while Ms. Ruiz remained in the kitchen. The Petitioner instinctively decided to check the money he and Ms. Ruiz were saving for a new car and found that money missing. The Petitioner and Ms. Ruiz sat in the living room and calmly asked Ms. Ruiz about the missing money when she instantly broke down into tears and a panic attack, ranting about her not being able to stop using drugs and what a horrible person she was and how she wanted to die.

      Diaz, being the loving concerned boyfriend that he was (T.T. p. 308), told her that he would help her and that they would get through it together. Ms. Ruiz then stood up and walked to the kitchen saying that she needed a drink of water. A few moments later he heard a drawer slam open and clinging metal. When he turned around, he saw Ms. Ruiz running out of the condo with a knife in her hand. The Petitioner ran after her and followed her to the sixth floor of the building, the pool area. The knife was gone.

      The Petitioner managed to calm her down a bit when she then started ranting about a Coach pocket book and Chanel sunglasses that stayed in Atalia Bello's car when they left them earlier in the evening on bad terms. (T.T. p. 307) Once again, she stormed away mumbling about how bad things only happen to her and how she was "so tired of it all". The Petitioner, concerned for her safety, followed her down to the lobby.

      When they arrived at the lobby, she told the Petitioner she had to make a phone call and proceeded to ask the concierge to use the phone, to which the concierge conceded. A few moments later, a security guard came downstairs and informed the concierge that the police had been called and Ms Ruiz climbed over the desk. (T.T. p. 210-211) Realizing that police coming would not be a good thing for her and her child[1] considering the drugs they had been doing and her borderline suicidal state, he sternly asked her to come back over the counter; Ms. Ruiz complied. Id. The Petitioner, at that time being frustrated, tired, and angry at having to go through this overly complicating situation, grabbed Ms. Ruiz a bit forcibly and escorted her to the car. (T.T. p. 212)

      Diaz submits that his sole purpose for escorting Ms. Ruiz from the condominium was for her own good. Diaz was concerned for Ms. Ruiz knowing that she was having some kind of breakdown and he did not want *her* to get arrested or at the very least Baker Acted. The Petitioner admits he was aggravated, and coupled with coming down from three days of 'partying' with different drugs, he overreacted; however, his ***intent*** was never to terrorize her, much less hurt her. Conversely, the incident occurred at approximately at 1 A.M., and at about 11:30 A.M. Ms. Ruiz met with the Petitioner's mother and willingly went to Diaz's parent's ranch where they lived as lovers for the next ten days. (T.T. pp. 353-360)

      Trial counsel advised the Petitioner not to testify. Mr. Blacker told the Petitioner that the jury would learn that he was a convicted felon and it would hurt his case. However, Petitioner asserts that as such, the State's case was not challenged. Blacker presented no defense to the kidnapping. This was unreasonable under prevailing professional norms; moreover, it was unforgivable. The State was aware there was no defense presented. In closing, the State submits:

---

[1] Trial Transcripts, page 364

*"What can the defense say... There can be no question that Pablo Diaz committed these crimes."* (T.T. pp. 865-866) Trial counsel responded in his closing with the following: *"This case is about the law and what the truth of the evidence revealed from the stand and what the physical evidence was."* (T.T. p. 881)

  Petitioner proffers that the clearly incriminating evidence demonstrates the Petitioner escorting – granted roughly – Ms. Ruiz with a firearm in his hand, courtesy of the enhanced video Mr. Blacker did not view until the first day of trial. (See Grounds One and Two above) Petitioner submits that the *law* and the *evidence* Counsel would have the jury review can only lead to a conviction of kidnapping as no defense to the *intent* of the crime was presented. Diaz suggests that Counsel's advise to him about not testifying falls under the realm of strategy. Nonetheless, Diaz avers the Counsel's assessment of the case regarding the kidnapping and the strategy employed therein was *completely* unreasonable in light of the evidence against him. Regardless of the jury learning of his prior convictions, the only defense Counsel could have presented, the only legitimate argument that should have been presented, was on the Petitioner's *intent*.

  Petitioner Diaz proffers that this prejudiced him on two fronts: 1.) trial Counsel failed to subject the State's case on the kidnapping charge to meaningful adversarial testing; and, 2.) trial Counsel's unreasonable strategy interfered with Petitioner's constitutional right to testify on his own behalf. Petitioner further proffers that had Counsel rightly advised Petitioner on the necessity of the jury to hear his side of the events he would have elected to exercise his constitutional right to testify. And there exists a reasonable probability that the jury would have acquitted him of the kidnapping also. Trial counsel's ineffective assistance violated Petitioner Diaz's U.S. Constitutional rights under the Sixth Amendment.

  (b) If you did not exhaust your State remedies on Ground Five, explain why: <u>Petitioner was represented by private counsel during initial review collateral proceedings and, as such, Counsel was ineffective for failing to raise this substantial claim. Petitioner submits, as an equitable matter, that this Court has jurisdiction to hear this claim pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (See, Memorandum of Law to §2254 Petition for Writ of Habeas Corpus</u>.

(c) Direct appeal of Ground Five:

 (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes _____    No __✓__

 (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Claims of ineffective assistance of counsel are properly brought in a motion for postconviction relief</u>.

(d) Post-Conviction proceedings:

 (1) Did you raise this issue through a post-conviction motion or petition for Habeas Corpus in a State trial court?

   Yes _____    No __✓__

**GROUND SIX:** THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERRORS VIOLATED PETITIONER'S RIGHT TO A FAIR TRIAL AND VIOLATED HIS RIGHT TO DUE PROCESS                  .

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner contends that the cumulative effects of all the errors presented herein along with those presented in the state court in his Motion For Postconviction Relief under rule 3.850 Fla.R.Crim.P., violated his right to a fair trial. Petitioner incorporates by reference those grounds presented above, and submits the following grounds from his Petition for Postconviction Relief:

**A.)** Counsel failed to ensure the attendance of two material witnesses and, without adequately consulting with the defendant, stipulated to the introduction of police reports in lieu of testimony; **B.)** Counsel failed to object to allowing Katherine Ruiz testify while obviously impaired and to raise the issue with Ms. Ruiz during cross examination; **C.)** Without justification or consultation with defendant Diaz, Counsel withdrew a previously filed motion *in limine* precluding the introduction of threatening telephone messages left by the Defendant hours after commission of the alleged crime; **D.)** Counsel failed to file necessary pretrial motions excluding reference to 'domestic violence', and failed to properly object during testimony implicitly establishing the case as one involving abuse and/or domestic violence; **E.)** Counsel failed to object to instances of prosecutorial misconduct, including: knowingly evoking misleading and/or incorrect testimony, presenting the testimony of an obviously impaired witness, eliciting testimony regarding uncharged crimes and presenting a closing argument inappropriately designed to inflame the jury.[2]

Petitioner Diaz avers that all of these combined errors violated his right to due process as protected by the 6th and 14th Amendments to the U.S. Constitution. Habeas relief is warranted.

(b) If you did not exhaust your State remedies on Ground Six, explain why: <u>Petitioner was represented by private counsel during initial review collateral proceedings and, as such, Counsel was ineffective for failing to raise this substantial claim. Petitioner submits, as an equitable matter, that this Court has jurisdiction to hear this claim pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (See, Memorandum of Law to §2254 Petition for Writ of Habeas Corpus                                  </u>.

(c) Direct appeal of Ground Six:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes _____    No __✓____

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Claims of ineffective assistance of counsel are properly brought in a motion for postconviction relief</u>          .

(d) Post-Conviction proceedings:

---

[2] Petitioner Diaz requests the Court take judicial notice of the reference grounds originally plead and exhausted in his Petition for Postconviction Relief and accompanying Memorandum of Law to Petition for Postconviction Relief.

      (1) Did you raise this issue through a post-conviction motion or petition for Habeas Corpus in a State trial court?

          Yes _____   No \_\_✓\_\_

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest State court having jurisdiction?

          Yes _____   No \_\_✓\_\_

   If your answer is "No", state which grounds have been so presented and give your reason(s) for not presenting them:

   <u>Petitioner has not raised Grounds Three, Four, Five, and Six to the highest State court having jurisdiction and seeks exemption under *Martinez v Ryan*, supra. (See attached Memorandum of Law)</u>.

   (b) Is there any grounds in this petition that has not been presented in some State or Federal court?

          Yes \_\_✓\_\_   No _____

   If so, what ground or grounds have not been presented, and state your reasons for not presenting them:

   <u>Petitioner has not raised Grounds Three, Four, Five, and Six in some State or Federal court due to ineffective assistance of initial review collateral counsel and seeks exemption under *Martinez v Ryan*, supra. (See attached Memorandum of Law)</u>.

14. Have you previously filed any type of petition, application, or motion in a Federal court regarding the conviction that you challenge in this petition?

          Yes _____   No \_\_✓\_\_

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either State or Federal, for the judgment you are challenging?

          Yes _____   No \_\_✓\_\_

16. Give the name and address (if known) of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: <u>Carl A. Kafka, Esq., 815 Ponce de Leon Blvd, Miami, 33134</u>.
   (b) At arraignment and plea: <u>Michael Blacker, 701 Brickell Ave., Ste 2080, Miami, 33131</u>.
   (c) At trial: <u>Michael Blacker, 701 Brickell Ave., Ste 2080, Miami, 33131</u>.
   (d) At sentencing: <u>Michael Blacker, 701 Brickell Ave., Ste 2080, Miami, 33131</u>.
   (e) On appeal: <u>Roy D. Wasson, Courthouse Plaza Ste. 600, 23 W. Flagler St., Miami 33130</u>.

(f) An any post-conviction proceeding: <u>Anna M. Davide, 2929 SW 3rd Ave. Ste. 420, Miami 33129</u>.

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>Anna M. Davide, 2929 SW 3rd Ave. Ste. 420, Miami 33129</u>.

17. Petitioner does not have any future sentence to serve after you complete the sentence for the judgment that you are challenging.

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition:

<u>Diaz avers the instant Petition is timely under AEDPA's 1 year time limitation and has filed an attached *Notice of Time Limitations Period*</u>.

**WHEREFORE**, Petitioner asks that this Honorable Court the following relief: to vacate Petitioner's judgment and sentence and remand for a new trial, direct the State to reoffer the original 18 year plea, or in the alternative, to grant a federal evidentiary hearing, or any other relief to which Petitioner may be entitled.

*[signature]*
JULIO GUTIERREZ, P.A.
2464 S.W. 137 Avenue
Miami, Florida 33175
Telephone: (305) 325-8600
jgpa@msn.com
Florida Bar No. 602426

## OATH

I DECLARE (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __9-10-2014__ (month, day, year).

Executed (signed) on __9-10-2014__ (date).

*[signature]*
Signature of Petitioner