IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PABLO DIAZ,
    Petitioner,

vs.

MICHAEL D. CREWS,
SECRETARY FLORIDA D.O.C.,
    Respondent.

Case No.: _____
To Be Assigned

**MEMORANDUM OF LAW
TO § 2254 PETITION FOR
WRIT OF HABEAS CORPUS**

## I. Introduction:

**COMES NOW,** Petitioner Pablo Diaz, by and through undersigned counsel and moves this Honorable Court for the issuance of a Writ of Habeas Corpus and sets forth the following in support thereof:

## II. *Martinez v. Ryan*[1] Analysis:

Petitioner submits that initial-review collateral proceeding counsel, Ana M. Davide, was ineffective for failing to raise the following claims: 1) Trial Counsel Was Ineffective For Failing To Prepare And Present A Defense To The Charge Of Kidnapping When One Was Available, Thereby Interfering With Petitioner's Right To Testify; 2) Counsel Failed To Object To The Use Of Aggravated Battery As A Lesser Included Offense As The Information Failed To Allege The Requisite Elements For A Conviction Of Aggravated Battery Thereby Rendering Constitutionally Ineffective Assistance; 3) Counsel Failed To File A Sufficient Motion For A New Trial On The Verdict For The Lesser Included Offense Of Aggravated Battery Thereby Rendering Ineffective Assistance Of Counsel; and, 4) The Cumulative Effect Of Trial Counsel's Errors Violated Petitioner's Right To A Fair Trial And His Right To Right To Due Process (See, § 2254 Petition, Grounds Three, Four, Five, and Six respectively). Additionally, Petitioner proffers that this prejudiced him in that had Ms. Davide raised these substantial claims, there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] *Martinez v. Ryan*, 132 S. Ct. 1309, 1318-19, 182 L. Ed. 2d 272 (2012).

proceeding in the lower court would have been different.

The U.S. Supreme Court has held:

"[A] federal habeas court [may] hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." Martinez v. Ryan, 132 S. Ct. 1309, 1318-19, 182 L. Ed. 2d 272 (2012).

In *Trevino v. Thaler*, the Supreme Court extended the holding of *Martinez* to cases where, as a matter of systemic operation, the first opportunity to challenge trial counsel's effectiveness is in state post-conviction proceedings. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918, 1921, 185 L. Ed. 2d 1044 (2013). To demonstrate cause in circumstances where *Martinez* and *Trevino* apply, a petitioner must establish (1) a substantial claim of ineffective assistance of trial counsel; (2) the cause for failing to exhaust the claim is ineffective post-conviction counsel or no post-conviction counsel in the initial-review collateral proceeding; (3) the state collateral proceeding was the initial opportunity to review the claim regarding trial counsel's performance; and (4) applicable state law requires, either by law or as a practical matter, that ineffective assistance of trial counsel claims be raised in the initial post-conviction proceeding. *Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1318-1319, 1320-1321.

If a petitioner can establish cause under *Martinez*, he still must establish prejudice as a result of the defaulted ineffective assistance of trial counsel claim, that is, but for the error, there is a reasonable probability that the result of the proceeding would have been different. See, *Martinez*, 132 S. Ct. at 1321 (remanding the questions "whether [Petitioner's] attorney in his first collateral proceeding was ineffective [and] whether his claim of ineffective assistance of trial

counsel is substantial. And the court [of appeals] did not address the question of prejudice."); see also *Trevino*, 133 S. Ct. at 1921 (remanding the questions "whether Trevino's claim of ineffective assistance of trial counsel is substantial [and] whether Trevino's initial state habeas attorney was ineffective").

Petitioner Diaz avers that the instant claims are 'substantial,' and as such, can demonstrate 'cause' for the procedural default under the *Trevino* scrutiny. Therefore, this Court may hear and rule on Petitioner's procedurally defaulted substantial claims.

### III. Necessity of a Federal Evidentiary Hearing

28 U.S.C. § 2254 (e)(2) prohibits a federal district court from conducting an evidentiary hearing on a habeas claim that petitioner failed to develop in state court. ***However***, if the petitioner *did not fail to develop the factual basis of his claim in State court, section* 2254 (e)(2) *is not applicable and a federal habeas court should proceed to analyze whether a hearing is appropriate.* See, *Yong v. Simmons*, 486 F.3d 655 (10th Cir. 2007). A petitioner does not fail to develop his claim "unless there is a lack of diligence, or some greater fault" on his or her part. *Williams v. Taylor*, 529 U.S. 420, 432 S.Ct. 1479 (2000).

In the instant case, Grounds One and Two were both fully exhausted. The State did not hold an evidentiary hearing. Petitioner proffers that an evidentiary hearing was necessary to resolve a factual issue. The State court cites to a colloquy held prior to trial counsel discovering that there was an <u>enhanced</u> video demonstrating the Petitioner holding a firearm. The issue is that prior to this 'enhancement', the Petitioner was under the impression that there was no video evidence showing him with a weapon.

The State court never addressed the fact that under the protections of effective assistance, Counsel was required to re-visit the offer tendered by the State and/or, as stated in Ground Two, Counsel should have sought a continuance to reevaluate the defense's case. At a minimum, constitutionally effective counsel would have explained the evidentiary and legal ramifications of the video in relation to Petitioner's previous understanding that there was now corroborating video evidence of the State's allegations. Petitioner Diaz asserts that the record is void of any mention of the plea offered by the State *after* Counsel viewed the video.

Petitioner submits that the failure of the State to hold an evidentiary hearing deprived the Petitioner of "full and fair" fact finding procedures. See, *Stinson v. Wainwright*, 710 F.2d 743, 745 (11th Cir. 1983); see also *Smith v. Gearinger*, 888 F.2d 1334, 1339 (11th Cir. 1989).

Therefore, the State determinations are **not** binding in federal habeas proceedings. See, *Williams v. Taylor*, 529 U.S. 520, 1120 S.Ct. 1479 (2000)(also stating that it does not depend upon whether those efforts could have been successful in the state proceedings); see also, *Townsend v. Sain*, 372 U.S. 293, 312 (1963); and, *Kenny v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

As to Grounds Three through Five, Petitioner, under the *Martinez v. Ryan* exemption cannot be found not to have been diligent when initial review collateral counsel was ineffective in not presenting the claims. The Grounds presented in the § 2254 petition are factual and establish his right to relief. And the claims, although procedurally defaulted, are not barred from a federal evidentiary hearing. See, *Dickens, v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) ("Section 2254(e)(2), however, does not bar a hearing before the district court to allow a petitioner to show 'cause' under *Martinez*.")

Once a petitioner has established diligence, however, a federal court may grant an evidentiary hearing without regard to the strictures of 28 U.S.C. § 2254 (e)(2), but only if the petitioner has "proffer[ed] evidence that, if true, would entitle him to relief." *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999); accord *Schirro v. Lanrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933 (2007)("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."); see also, *Pope v. Secretary for Dept. of Corrections*, 680 F.3d 1271 (11th Cir. 2012).

## IV. Conclusion

Instantly, Petitioner's allegations as stated in his § 2254 Petition are factual and not conclusory. Petitioner has been diligent in his presentation, and has demonstrated cause under *Trevino* above on those claims that are procedurally defaulted. Petitioner is entitled to exemption from his procedural default in presenting his unexhausted federal claims. Moreover, Petitioner is entitled to a federal evidentiary hearing in order to ensure full and fair fact-finding procedures.

JULIO GUTIERREZ, P.A.
2464 S.W. 137 Avenue
Miami, Florida 33175
Telephone: (305) 325-8600
jgpa@msn.com
Florida Bar No. 602426

4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PABLO DIAZ,
    Petitioner,

vs.

MICHAEL D. CREWS,
SECRETARY FLORIDA D.O.C.,
    Respondent.

Case No.: _____
To Be Assigned

**NOTICE OF TIME
LIMITATIONS PERIOD**

**COMES NOW,** Petitioner Pablo Diaz, by and through undersigned counsel, and gives Notice to the Court of his compliance with the AEDPA's 1 year time limitations as set forth in 28 U.S.C. § 2244(d). Petitioner Diaz sets forth the following:

Petitioner's judgment and sentence was affirmed on direct appeal, after denial of rehearing, on April 21, 2010. Adding 90 where Petitioner could have sought U.S. Supreme Court certiorari review, Petitioner's AEDPA time limitation begins on July 20, 2010. Petitioner filed a Motion to Correct Illegal Sentence on October 4, 2010, (76) untolled federal days had expired. The denial of the motion was affirmed on appeal, Mandate was issued on July 8, 2011. On October 11, 2011, Petitioner filed a Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel, (173) untolled federal days had expired. The petition was denied after rehearing on January 10, 2012. On January 19, 2012, Diaz filed a Motion for Postconviction Relief, a total of (182) untolled federal days had expired. The denial of Diaz's motion was affirmed after rehearing, Mandate was issued August 4, 2014. Petitioner Diaz has (183) days left in his 1 year AEDPA time limitation as of the issuance of the Mandate in paragraph 4. Petitioner Diaz's Petition for Writ of Habeas Corpus is timely.

*/s/ Julio Gutierrez*
JULIO GUTIERREZ, P.A.
2464 S.W. 137 Avenue
Miami, Florida 33175
Telephone: (305) 325-8600
jgpa@msn.com
Florida Bar No. 602426